**Melissa B. Levine, Of Counsel (ML 1634)**
**Gold Benes LLP**
**Attorneys for Creditor Dean Osekavage**
**d/b/a Pathfinders USA**
**as assignee of Judith Wetzstein**
**(516)512-6334**
**mlevine@goldbenes.com**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------X

| | | |
|---|---|---|
| In re: | ) | |
| <u>Peter Mergenthaler</u>  ) | ) | Case No. 8-14-74517 (REG) |
| Debtors-Appellant | ) | Chapter 7 |
| | ) | |
| Dean Osekavage d/b/a Pathfinders | ) | Adv. Proc. No. 8-15-08005 |
| USA as assignee of Judith Wetzstein | ) | **Dockets 15 CV 2031,2032, 2033 and 2034** |
| Plaintiff-Respondent | ) | |
| vs. | ) | |
| Peter Mergenthaler | ) | |
| Defendants-Appellant | ) | |

------------------------------------------------------X

**DEAN OSEKAVAGE D/B/A PATHFINDERS USA AS ASSIGNEE OF JUDITH WETZSTEIN'S MEMORANDUM OF LAW IN OPPOSITION TO PETER MERGENTHALER'S PROPOSED ORDER TO SHOW CAUSES FOR <u>A STAY OF BANKRUPTCY ORDERS AND STATE PROCEEDINGS</u>**

Creditor Dean Osekavage d/b/a Pathfinders USA as assignee of Judith Wetzstein ("Osekavage"), by his attorneys Gold Benes LLP, hereby submits this Memorandum of Law in opposition to the Chapter 7 Debtor Peter Mergenthaler's proposed Orders to Show Causes for a stay on appeal and in response to the proposed Order to Show Cause submitted on Friday, April 17, 2015.

**PRELIMINARY STATEMENT**

In State Court, in 2012, assignee Osekavage domesticated a Florida Divorce Judgment against Peter Mergenthaler and in favor of his ex-wife Judith Wetzstein; and obtained on that Judgment a $1,560,052.74 New York Judgment against Peter Mergenthaler representing fifteen years of unpaid Domestic Support Obligations owed by Peter to his ex-wife on that Florida Judgment.

Thereafter, in 2013, the State Court also granted Osekavage a Judgment against Peter's current wife Rosemary Mergenthaler, in the amount of $1,658,528.26, based upon the court's finding that Peter Mergenthaler had used monies, that should have been paid to his ex-wife Judith Wetzstein under a Florida Divorce Judgment, to assist in the purchase and upkeep of Rosemary's Water Mill, NY home. Thus, the State Court directed that a lien be placed against Rosemary Mergenthaler's property retroactive to the date that she obtained ownership in the property.

The Court then appointed a Receiver to sell the property with the proceeds to be applied towards the satisfaction of Osekavage's lien against Rosemary's property as well as towards the satisfaction of other liens against the property. The Receiver entered into a contract of sale for $1,850,000.00 plus broker fees to be paid by the buyer; and commenced eviction proceedings against the Mergenthalers to evict them from Rosemary's property. Osekavage had to pay $16,758.54. in insurance premiums and for the Receiver's Bond. The renewal of that insurance and the bond is due in June 2015.

On October 3, 2014, Peter Mergenthaler, who resides in Rosemary Mergenthaler's property as an invitee of Rosemary, filed Bankruptcy. Osekavage and the Receiver moved to lift the stay to continue with the State Court proceeding, including with the eviction proceeding against both Mergenthalers, so that the property would be vacant at the time of the closing of the Receiver's sale of the property. The Bankruptcy Court granted that motion finding that Rosemary's property was not part of Peter Mergenthaler's Bankruptcy Estate and ordered that the stay was lifted against the State Court proceedings, including the eviction proceeding. Judge

Grossman also found, under the Rooker-Feldman Doctrine, that any problems that Peter Mergenthaler had with the Judgment against Rosemary and the related Judgment against him were outside the scope of the Bankruptcy Court's subject matter jurisdiction. Rather, those Judgments had to be challenged with the State Court.

Thereafter, Mr. Mergenthaler proceeded to file three motions to reconsider Judge Grossman's decision. Each time, he failed to demonstrate to the court why its decision lifting the stay was in error on the facts or the law. Each of these three motions for reconsideration were denied. The Lift Stay Order and the Orders denying Peter Mergenthaler's Motions to Reconsider are hereinafter sometimes referred to as the "Bankruptcy Orders."

Mr. Mergenthaler's Motion for a stay of appeal of each of the challenged Bankruptcy Orders should be denied. First of all, the first two orders are time-barred because he did not timely file Notices of Appeal. Second of all, the last two orders should be barred as untimely because such motions were made to circumvent the fact that the right of appeal of the original order had expired. Also, as to all of the Bankruptcy Orders, Mr. Mergentahler does not have a valid meritorious defense to the lift stay motion as he admits that Rosemary Mergenthaler owns the property at issue. Moreover, a stay of appeal will unduly prejudice Osekavage because a stay is likely to result in the loss of the cash buyer for Rosemary Mergenthaler's property. Also, another large premium is due on the Receiver's Bond and Insurance for the property in June 2015. Thus, if a stay is granted Osekavage will have to pay another large premium. Also, the balance of equities are in Osekavage's favor. It was found, in the State Court proceeding, that Rosemary Mergenthaler used Judith Wetzstein's support payments towards the purchase of her expensive Water Mill house and for its upkeep. In the last years of Judith's life, while Peter and Rosemary were living in luxury, Judith was living in a welfare hotel and then committed suicide.

In conclusion, Mr. Mergenthaler has clearly brought the multiple motions below and multiple appeals before this Court purely for the purposes of delay and to prevent the Receiver from evicting Rosemary and him from Rosemary's property and closing on the sale of that property. Thus, his multiple Orders to Show Cause for a stay should be denied.

## II
## STATEMENT OF FACTS

In the New York State Supreme Court, Suffolk County case of <u>Dean Osekavage DBA Pathfinders USA as assignee of Judith Wetzstein v. Peter Mergenthaler and Rosemary Mergenthaler</u>, Index # 29626/2011 ("the Supreme Court Action"), the court (A. Pitts, J) issued a May 3, 2012 judgment against Peter Mergenthaler and in favor of Mr. Osekavage, as assignee of Judith Wetzstein, in the amount of $1,560,052.74, together with statutory interest from May 3, 2012. ("Peter Mergenthaler Judgment"). A copy of that Judgment is annexed as Exhibit A to the Declaration of Attorney Melissa Levine in Support of Motion, pursuant to 11 USC §362(b), for a Declaration that the Automatic Stay Does not Apply to the Sale of Certain Property and Eviction Proceedings...." ("Levine Lift Stay Aff."). The Levine Lift Stay Aff. is annexed as part of Exhibit A to the April 19, 2015 Declaration of Melissa Levine in Opposition in opposition to Peter Mergenthaler's proposed Order to Show Cause. (Levine Aff. Opp. OSC)].

The court in the Supreme Court Action granted Osekavage the Peter Mergenthaler Judgment to domesticate a "Final Judgment of Dissolution of Marriage" entered in 1998 by a Florida Court in the divorce action of Peter Mergenthaler and Judith Wetzstein. ("Florida Divorce Judgment"). <u>See</u> Peter Mergenthaler Judgment, p. 2. The Florida Divorce Judgment is attached to the Levine Lift Stay Aff. as sub-exhibit E.

Also, in the Supreme Court Action, the court issued a December 14, 2012 Judgment against Mr. Mergenthaler's current wife, Rosemary Mergenthaler, pursuant to, among other laws, New York's Debtor and Creditor Law section 273, placing a lien against Rosemary Mergenthaler's property located at 3 Wood Edge Court, Water Mill, NY ("Rosemary's Premises"), in the amount of $1,658,528.26, based upon a finding that Peter Mergenthaler used monies representing his Domestic Support Obligations to Judith Wetzstein pursuant to the Florida Divorce Judgment, to acquire and provide upkeep for his current wife's property. <u>See</u> sub-exhibit B to the Levine Lift Stay Aff. ("Rosemary Mergenthaler Judgment").

Subsequently, the Supreme Court issued a March 25, 2014 Order appointing Mark

Cuthbertson, Esq. as the Receiver for Rosemary's Premises. A copy of that Order is attached to the Levine Lift Stay Aff. as part of sub-exhibit C. ("Receiver Order"). As per that Order, Mr. Cuthbertson is authorized by the State Court to sell Rosemary's Premises, with the proceeds to be applied toward the satisfaction of the liens against the Premises, including Osekavage's lien. The Receiver's Order also empowers Mr. Cuthbertson to evict Rosemary Mergenthaler and Peter Mergenthaler, an invitee in the Premises, from the Premises "...in order to increase the likelihood of a quick sale of the Property thereby protecting the lien holders' equity interest in said Property." See Receiver Order, at p.8.

On or about July 17, 2014, Receiver Cuthbertson commenced the Southampton Town Justice Court, Suffolk County case of Mark A. Cuthbertson, As Receiver, v. Peter Mergenthaler and Rosemary Mergenthaler, Docket No. 14070861. ("Justice Court Action"), to evict the Mergenthalers from the Premises. See Notice of Petition and Petition attached to the Lift Stay Aff as part of sub-Exhibit C. On Wednesday, April 15, 2015, the Justice Court granted, from the bench, an Eviction Judgment and the Receiver is now in the process of submitting a Judgment of Eviction and Warrant of Eviction for signature. See Levine Aff. Opp. OSC, ¶7. Mr. Mergenthaler filed his multiple orders to show cause with this Court in the days leading up to that April 15th court date and thereafter. See Dockets 15 - CV- 2031, 2032, 2033 and 2034.

Also, two weeks ago Mr. and Mrs. Mergenthaler submitted a proposed Order to Show Cause with the New York State Supreme Court, Appellate Division, Second Department, for a stay pending their appeal of the State Court Judgments against them. Levine Aff. Opp., ¶8. On Tuesday, April 7, 2014, Peter Mergenthaler appeared before the Appellate Division requesting a TRO in connection with that proposed Order to Show Cause. Osekavage's counsel opposed that motion and the Appellate Division signed the Order to Show Cause but denied the TRO. That Order to Show Cause was returnable on Tuesday, April 14, 2015 and has been fully submitted. Id.

On August 20 2014, the Receiver entered into a contract of sale for Rosemary Mergenthaler's Premises for $1,850,000.00 plus brokerage fee to be paid by buyer as well. [See

Levine Aff. Opp. Osc, Exhibit Y-Contract of Sale, ¶¶I, II and XXIII]. The proceeds of the sale will be applied toward the satisfaction of the Rosemary Judgment. The contract is a cash transaction. Id.

Peter Mergenthaler filed Chapter 7 Bankruptcy on October 3, 2014. See ECF Docket for In re Peter Mergenthaler, Debtor (Case No. 8-14-74517), annexed to the Levine Aff. Opp. Osc as Exhibit B. Thereafter, Osekavage and Receiver Mark Cuthbertson filed an October 27, 2014 Joint Amended Motion to Lift the Stay so that the Supreme Court Action and the Justice Court Action could continue ("Lift Stay Motion"). [That Motion and the documents in support thereof are docketed in ECF as ##16-17, 22 and are attached to the Levine Aff. Opp. OSC as Exhibit A]. Mr. Mergenthaler filed opposition papers to that Lift Stay Motion [ECF Docket # 20, and attached to the Levine Aff. Opp. OSC as Exhibit C], and Osekavage filed a Reply [ECF Docket # 21], annexed to the Levine Aff. Opp. OSC as
Exhibit D.

In support of the Lift Stay Motion, Osekavage and the Receiver argued, among other arguments, that the stay should be lifted because the activities in the State Court Action and the Justice Court Action were focused on selling Rosemary Mergenthaler's Premises, with the proceeds to be applied toward the Judgment that Osekavage had against her and evicting Rosemary (and Peter, an invitee of Rosemary in the Premises) in order to effectuate the sale. That Peter Mergenthaler did not have any rights in that Premises other than as an invitee of Rosemary, whose rights in the Premises had been extinguished by the State Court. [See Levine Aff. Lift Stay, ¶¶14-17].

Roger Olson, the attorney for the Estate of Judith Wetzstein, filed an October 28, 2014 Declaration in Support of the Lift Stay Motion. [See Exhibit B, Bankruptcy Docket, #19]. A copy of Mr. Olson's Declaration is attached to the Levine Aff. Opp. OSC as Exhibit E. Therein, he reported that Ms. Wetzstein committed suicide on November 20, 2012 and attached her death certificate as Exhibit B to his Declaration. He also described how Mr. Mergenthaler had avoided paying his obligations to Ms. Wetzstein under the Florida Divorce Judgment for sixteen years (¶5), that she spent the last years of her life in a welfare hotel (¶6) and expressed the belief of

Ms. Wetzstein's family that Mr. Mergenthaler's failure in his obligations to Ms. Wetzstein:

> ...contributed in significant part....to her demoralization and decline in the years prior to her [suicide]. [Ms. Wetzstein's family] respectfully pray that the Court not permit [Peter Mergenthaler] to avoid his obligations to pay the Spousal Support awarded as per the divorce judgment simply because debtgor's misconduct in avoiding his obligations to her have likely contributed substantially to her death" (¶8).

At the December 10, 2014 Hearing, in the Underlying Bankruptcy Case, before Judge Robert Grossman, the court granted the Joint Motion of Osekavage and the Receiver. The Court told Peter Mergenthaler that the State Court Action and the Justice Court Action could continue as "The person who owns the house, who is your current wife, is not a debtor. Therefore, I have no control over the asset. They are free to do whatever the state court allows them to do." See December 10, 2015 Transcript of Hearing, ("12.10.15 Transcript"), p. 8, lines 6-8, annexed to the Levine Aff. Opp. OSC as Exhibit F-1. The Court noted that "...the Property at issue here is not property of your estate. You don't own it. You don't have an economic interest in that property. All you may have is a possessory right which allows you to sleep there. You may convince a state court judge not to evict you. You may not. That's the state court. That's not done here. There's nothing for me to do here." Id., p. 7, lines 15-21. As for Mr. Mergenthaler's issues with the State Court Action Judgments against both himself and Rosemary, the Court referred to the "Rooker-Feldman Doctrine" [Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)] and held that "...the federal court will not look behind the State Court Judgment. They have a State Court Judgment so that Judgment I'm not even thinking about." Thereafter, the Court signed a December 15, 2014 Order lifting the stay. A copy of that Order is attached to the Levine Aff. Opp. OSC as Exhibit F-2. Peter Mergenthaler did not file a Notice of Appeal of the Order until April 9, 2015. [See Exhibit B, Bankruptcy Docket #52].

On December 29, 2014, Peter Mergenthaler filed an Amended Motion to Reconsider Judge Grossman's December 15, 2014 Order granting relief from the Stay. ("First Motion to Reconsideration"). [A copy of the First Motion to Reconsider is attached to the Levine Aff. Opp. OSC as Exhibit G and appears on the docket of the Underlying Bankruptcy Case as #29]. Osekavage filed opposition to that Motion. [ECF Docket 33]. That opposition is attached to the Levine Aff. Opp. OSC, minus the exhibits, as Exhibit H.

On January 5, 2015, Osekavage commenced an adversary proceeding against Peter Mergenthaler,

under 8-15-08005 ("Adversary Proceeding"), arguing that Peter Mergenthaler was not entitled to a discharge of the Judgment against him because it was comprised of unpaid Domestic Support Obligations under 11 USC 523(a)(5) and (a)(15). [Bankruptcy Docket #32]. A copy of the Complaint in that action is annexed to the Levine Aff. Opp. OSC as sub exhibit 1 to Exhibit N . A copy of the Answer to the Complaint is attached to the Levine Aff. Opp. OSC as part of Exhibit NN.

At the February 2, 2015 Hearing for Peter Mergenthaler's Motion to Reconsider, Osekavage's Counsel opposed the Motion by arguing as follows:

> Mr. Mergenthaler has not made any new argument to show why the stay should not have been lifted. The property at issue is not property of the bankrutpcy estate. It belongs to his wife. There's a state court order finding a judgment against the wife and directing the receiver to sell the property to satisfy the judgment on hehalf of Ms. Osekavage.

See February 2, 2015 Transcript from Hearing ("2.2.15 Transcript"), annexed to the Levine Aff. Opp. OSC as Exhibit I, p.3, lines 10-16. The court denied Mr. Mergenthaler's Motion finding as follows:

> There's no new issues of law, no material changes of fact based on the original Court's order. Therefore, the Court should not and will not reverse its original Order lifting the stay. Whatever arguments you have, make them in state court.

Id., p.3, lines 17-21. Thereafter, the court signed an Order denying Peter Mergenthaler's First Motion to Reconsider. A copy of that Order is attached to the Levine Aff. Opp. OSC as Exhibit J. Peter Mergenthaler did not file a Notice of Appeal of this Order until April 9, 2015. [See Exhibit B, Bankruptcy Docket #50].

Thereafter, Peter Mergenthaler filed a Motion to Dismiss the Adversary Proceeding. [See Exhibit K, Docket for Adversary Proceeding 15-8005, # 8]. He also filed his Second Motion to Reconsider the Lift Stay Order, dated February 12, 2015 [Bankruptcy Docket #38]. A copy of this Second Motion is annexed to the Levine Aff. Opp. OSC as Exhibit L. Osekavage filed opposition to the Second Motion for Reconsideration. [Bankruptcy Docket #39]. A copy of that opposition is annexed to the Levine Aff. Opp. OSC as Exhibit M. Osekavage also filed opposition to Peter Mergenthaler's Motion to Dismiss. [Adversary Docket #9].

Also, Osekavage cross moved for Summary Judgment on the first cause of action in the adversary complaint, wherein he sought to deny Peter Mergenthaler a discharge because, pursuant to 11 USC 523(a)(5)

8

and 523(a)(15), the Peter Mergenthaler Judgment was comprised of unpaid Domestic Support Obligations. [Adversary Docket #10], a copy of that Motion is attached to the Levine Aff. Opp. OSC as Exhibit N.

At the March 2, 2015 Hearing before the court, the court denied Peter Mergenthaler's Second Motion to Reconsider for the same reason as the previous orders. [See March 2, 2015 Transcript of Hearing ("3.2.15 Hearing"), p. 5, lines 4-9, a copy of which is attached to the Levine Aff. OSC as Exhibit O].

It also denied Mr. Osekavage's Motion to Dismiss the Adversary Complaint finding that Osekavage had gone beyond his burden of proof in opposition to the Motion and proven a prima facie case in support of its Adversary Complaint. [Id., p. 10, 6-17, 21].

The Court adjourned the Motion for Summary Judgment to March 30, 2015 because it wanted Osekavage to submit proof of the nature of the assignment to him by Ms. Wetzstein to determine whether, when she assigned the Florida Divorce Judgment to Osekavage, it lost its label as a domestic support obligation. Id., p. 18, lines 15-23.

Thereafter, on March 27, 2015 the Bankrtupcy Court signed an Order denying Mr. Mergenthaler's Second Motion to Reconsider [Bankruptcy Docket #44], a copy of which is attached to the Levine Aff. Opp. OSC as Exhibit P. On April 1, 2015, the court also signed an Order denying Peter Mergenthaler's Motion to Dismiss. [Adversary Docket #15].

Thereafter, Mr. Mergenthaler filed yet a third Motion to Reconsider entitled "Second Supplemental Motion" dated March 19, 2015 ("Third Motion to Reconsider") [Bankruptcy Docket # 41], a copy of which is attached to the Levine Aff. Opp. OSC as Exhibit Q. Osekavage opposed that Motion [Bankruptcy Docket #42], a copy of which is attached to the Levine Aff. Opp. OSC, minus exhibits, as Exhibit R. Osekavage once against did not raise any arguments as to why the Bankrtupcy Court's findings in support of its Order Lifting the Stay was incorrect.

Mr. Mergenthaler also filed a Motion, in the Adversary Proceeding, to disqualify Osekavage's Counsel from representing him and for sanctions against said counsel ("Mergenthaler Motion to Disqualify") [Adversary Docket #17], a copy of which, minus exhibits, is attached to the Levine Aff. Opp. OSC, as Exhibit S. On March 24, 2015, Osekavage filed opposition papers to that Motion to Disqualify. [Adversary Docket # 18], a copy of which is attached to the Levine Aff. Opp. OSC, minus exhibits as Exhibit T.

On March 24, 2015, Osekavage filed a Reply on his Motion for Summary Judgment, setting forth

proof that the late Judith Wetzstein voluntarily assigned the Florida Divorce Judgment to him for the purposes of collection of that debt on her behalf [Adversary Docket #19], a copy, with exhibits is attached to the Levine Aff. Opp. OSC as Exhibit U. In his Reply, Osekavage testified that:

> 4. On July 17, 2006, Ms. Wetzstein voluntarily assigned her rights in the Florida Divorce Judgment to Pathfinders USA, for the purposes of collection on her behalf. There are two documents that make up that assignment. The first document, attached hereto as Exhibit 2, and dated July 17, 2006, is entitled "Acknowledge of Assignment of Judgment", pursuant to which the assignment was effectuated. The second document, attached hereto as Exhibit 3, also dated July 17, 2006, is entitled "Terms and Conditions For Assignment of Judgment." The language of this second document sets forth the conditions of the assignment, and make it clear that Ms. Wetzstein voluntarily assigned her rights to Pathfinders USA, in the Florida Divorce Judgment, for the purpose of Pathfinders USA collecting that Judgment on her behalf. The applicable part of this second document can be found in Part III of that document, which provides:
>
>> III In exchange for the conveyance, transfer and assignment of the Judgment, the Creditor [i.e., Ms. Wetzstein] and Assignee [i.e. Pathfinders USA, LLC] agrees that:
>>
>> (1) The Assignee...shall pay the Creditor:
>>
>> ****
>>
>> d. 50 % of any moneys collected from the JUDGMENT or DEBTOR less all ASSIGNEE'S costs and legal fees...when any of the following conditions occur:
>>
>>> 1. DEBTOR declares Bankruptcy,
>>>
>>> 2. DEBTOR moves out of the original Court jurisdiction,
>>>
>>> 3. Any legal challenge to the JUDGMENT arises,
>>> ****
>>> 6. Calendaring of any Motion and/or Appearance in Court by Assignee.
>
> 5. Subsection (d) is applicable because all of the above events occurred. Debtor filed Bankruptcy. Mr. Mergenthaler moved from Florida to New York. Mr. Mergenthaler challenged the Judgment in the underlying State Court matter; and I have had to, through my attorneys, both calendar and/or defend multiple motions and make multiple court appearances in State Court and in Bankruptcy Court in connection with seeking to collect the Judgment on Ms. Wetzstein's behalf.

Osekavage Reply, ¶¶ 4-5.

At the March 30, 2015 Hearing, the Bankruptcy Court granted Osekavage Summary Judgment on the First Cause of Action in his Complaint and found that Osekavage's Judgment against Peter Mergenthaler was nondischargable under 11 USC sections 523(a)(5) and (15). [See March 30, 2015 Transcript, p. 4, line 22-p. 5, line 21, annexed to the Levine Aff. Opp. OSC as Exhibit V]. The court found that "It is a Judgment for domestic support obligation with all the characteristics that that has under the Bankruptcy Code...The party seeking to enforce it is doing on behalf of the Estate of the deceased wife." [Id., p. 5, lines 15-18]. The court then denied Peter Mergenthaler's Third Motion to Reconsider and his Motion to Disqualify Melissa Levine. [Id., p. 5, lines 19-20].

On April 3, 2015, the court signed an Order granting the Plaintiff's Motion for Summary Judgment and finding that the Judgment against Peter Mergenthaler was nondischargable; and denying Peter Mergenthaler's Motion to Disqualify Melissa Levine. [Adversary Docket #24]. A copy of that Order is attached to the Levine Aff. Opp. OSC as Exhibit W. Also, on April 1, 2015, the Court signed an Order denying Peter Mergenthaler's Third Motion to Reconsider [Bankruptcy Docket #49]. A copy of that Order is attached to the Levine Aff. Opp. OSC as Exhibit X .

On April 9, 2015, Peter Mergenthaler filed a Notice of Appeal of the denial of the Third Motion to Reconsider. [Bankruptcy Docket # 54]. On April 9, 2015, Peter Mergenthaler filed a Notice of Appeal of the Order granting Plaintiff Summary Judgment and denying Peter Mergenthaler's Motion to Disqualify Melissa Levine. [Adversary Docket #25].

On April 17, 2015, Peter Mergenthaler filed an "Order to Show Cause Why an Order Holding Plaintiff and/or his Attorneys and/or Mark A. Cuthbertson in Contempt of Court for Willful Violation of the Automatic Stay." To be filed under Dockets # 15–CV-2031,32,33 and 34.

**PETER MERGENTHALER'S MOTION FOR A STAY ON APPEAL SHOULD BE DENIED**

Bankruptcy Rule 8005 provides:

> A motion for a stay of....[an] order..,...of a bankruptcy judge,... pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.....A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel

> may condition the relief it grants under this rule on the filing of a bond
> or other appropriate security with the bankruptcy court.

The decision whether or not to grant a stay pending appeal lies within the sound discretion of the court. See In re Overmyer, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985) ("A motion for a stay pending appeal, as authorized under Bankruptcy Rule 8005, is discretionary.").

The United States Bankruptcy Court for the Eastern District of New York Court in its October 10, 2014 Decision in In re Erich H. Richmond, 14-41678 [Bankruptcy Docket #111] ("In re Richmond"), a copy of which is attached to th Appendix of this Brief, provided a short treatise of the requirements for whether a motion for a stay under Rule 8005 should be granted:

> The party seeking the stay bears the burden of proving entitlement to a stay. See U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995); In re American Land Acquisition Corporation, 2013 WL 2481534, at *6.
>
> Courts in the Second Circuit are split as to the showing the moving party must make under Bankruptcy Rule 8005, with some courts holding that "failure to satisfy one prong of the standard ... dooms his motion," while others hold that the test should be "a balancing of factors that must be weighed." In re Taub, 470 B.R. at 277-278 (comparing In re Bijan–Sara Corp., 203 B.R. 358 (2d Cir. BAP 1996) (citing Green Point Bank v. Treston, 188 B.R. 9, 11 (S.D.N.Y.1995)), with In re Adelphia, 361 B.R. at 347).
>
> If the applicant "seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." In re DJK Residential, LLC., 2008 WL 650389 at *2 (S.D.N.Y. Mar. 7, 2008); In re WestPoint Stevens, Inc., 2007 WL 1346616, at *4 (S.D.N.Y. May 9, 2007).
>
> In re Richmond, page 7.
>
> In the Second Circuit, the standard for considering a motion for a stay under Rule 8005 is: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." In re TE Roslyn, LLC, 2012 WL 3063991, at *3 (Bankr. E.D.N.Y. July 26, 2012) (quoting In re Taub, 470 B.R. 273, 277–78 (E.D.N.Y. 2012)); see In re Smith, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009), aff'd, 645 F.3d 186 (2d Cir. 2011); In re American Land Acquisition Corporation, 2013 WL 2481534, at *6 (Bankr. E.D.N.Y. June 10, 2013); In re Atkinson, 2012 WL 6138217, at *3 (Bankr. E.D.N.Y. Dec. 11, 2012); see also Jenkins v. INS, 32 F.3d 11, 14 (2d Cir. 1994); Hirschfeld v. Bd. of Ef Elections in the City of N.Y., 984 F.2d 35, 29 (2d Cir. 1993).

["Second Department Test"].  In re Richmond, page 6.

"The single most important factor is the likelihood of success on the merits." In re Baker, No. 05-cv-3487, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005); FFG-NJ Vehicle Funding Corp. v. Holtmeyer (In re Holtmeyer), 229 B.R. 579, 582 (E.D.N.Y. 1999).

In re Richmond, page 7.


(a) Actual and Imminent Irreparable Injury

"A showing of probable irreparable harm is the principal prerequisite for the issuance issuance of a  stay. Irreparable harm must be neither remote nor speculative, but actual and imminent." In re Taub, 470 B.R. at 278 (quoting In re Adelphia, 361 B.R. at 347.). Injuries that are "fully remedied by monetary damages do not constitute irreparable harm." In re Taub, 470 B.R. at 278 (citing Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 34 (2d Cir. 1991)).

In re Richmond, page 7.


## **PETER MERGENTHALER'S MOTION SHOULD BE DENIED**

In violation of Bankruptcy Rule 8005, his papers fail to state whether he presented his Order to Show Cause for a Stay on Appeal to the Bankrtupcy Court before presenting it to this Court.  He makes no attempt to explain why this Court should grant such a stay absent posting a bond for the full $1,850,000.00 of the Receiver's Contract's Contract, the Broker Fees, which the buyer has agreed to pay, and the cost of renewing the Receiver's Bond and Insurance, in June 2015, which will be close to if not over $17,000.00.

Second of all, Peter Mergenthaler makes no attempt to meet his burden of proof of why he is entitled a stay.

### **(1) There is no substantial possibility that Peter Mergenthaler will be successful on any of his appeals:**

The Notice of Appeal for the December 15, 2014 Order Lifting the Stay was not filed until April 9, 2015.  Thus it was filed untimely.  Bankruptcy Rule 8002(a)(1) provides that a Notice of Appeal must be filed with the Bankruptcy Clerk within 14 days of the entry of the order appealed from.  Thus, this Order is no longer appealable.  Siemon v. Emigrant Savgs. Bank, 421 F.3d 167, 169 (2nd Cir. 2005) ("The time limit contained in Rule 8002(a) is

jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate "excusable neglect."). Similarly, February 10, 2015 Order Denying the First Motion to Reconsider is also not appealable as a Notice of Appeal was not filed until April 9, 2015. [Bankruptcy Docket # 50].

The Order denying the Second Motion to Reconsider, dated March 27, 2015, does not have a corresponding Notice of Appeal on the docket. However, even if it was timely filed, that Motion was properly denied because Peter Mergenthaler did not present any reason why the court's original decision to lift the stay was incorrect. Nor could he. Peter Mergenthaler does not own Rosemary Mergenthaler's Premises. He is a mere invitee in the Premises. Thus, the court was correct in lifting the stay to permit the continuation of the State Court Action and the Justice Court Action to close on the Receiver' sale of Rosemary's Premises and to evict the Mergenthalers from that Premises so that the property would be vacant for the buyer of the property. For the same reasons, the court was correct in issuing the April 1, 2015 Order denying Peter Mergenthaler's Third Motion for Reconsideration.

Also, the underlying court was correct in finding that Peter Mergenthaler's attack on the State Court Judgments against himself and Rosemary are outside of the providence of the Bankruptcy Court. He must seek the review of the State Court to question the validity of those Judgments, including the issue of Standing to Sue. See In re Golio, 393 B.R. 56,62 (Bankr. E.D.N.Y. 2008). In any event, Osekavage's Standing to Sue is established by the Peter Mergenthaler Judgment and by the documentation of assignment. Moreover, Judith Wetzstein's Estate submitted papers in support of the Lift Stay Motion.

Also, Peter Mergenthaler also will not be successful on his appeal of the court's Order granting Osekavage Summary Judgment on the First Cause of Action in Osekavage's Complaint and finding that Osekavage's Judgment against him is nondischargable pursuant to 11 USC sections 523(a)(5) and (15) because the Judgment is comprised of unpaid Domestic Support Obligations. The evidence in the record establishes that the Florida Divorce Judgment was voluntarily assigned by the late Judith Wetzstein to Osekavage for the purposes of collection on

that Judgment. The body of the State Court Domesticated Judgment states that the debt is comprised entirely of unpaid Domestic Support Obligations. Thus, the decision of Bankruptcy Court was clearly correct. Also, there is not evidence in the record, to support Peter Mergenthaler's Motion to Disqualify Melissa Levine. That Motion was clearly brought to harass Osekavage and his attorneys.

In conclusion, Mr. Mergenthaler does not have a meritorious defense to the Lift Stay Motion and will not be successful on his Appeals.

**(2) Peter Mergenthaler will not suffer irreparable injury absent a stay:**

The Justice Court issued a Judgment of Eviction on April 15, 2015. An eviction from Rosemary Mergenthaler's Premises is likely to be many weeks, if not months in the future as such an eviction will have to be scheduled with the Sheriff. Also, as Peter Mergenthaler is not the owner of that property or a tenant it is not his rights that will be affected by such eviction. He is a mere invitee in that property.

**(3) Osekavage will suffer substantial injury if a stay is issued:**

Unless the sale of Rosemary Mergenthaler's property takes place before June, the Plaintiff-Respondent will have to pay another premium for the Receiver's Bond and Insurance on the Premises. Last year the Premium was $16,758.54. Also, the Receiver's Contract is for a cash transaction. Due to Peter Mergenthaler's Bankruptcy, there has already been a prolonged delay in the closing of that contract. If there is a further extended delay, there is a real danger that the buyer will be lost. A closing cannot take place until the Mergenthalers are evicted. A stay will prevent said eviction and thus a closing. At a minimum, Peter Mergenthaler should be required to post a bond equal of the sale price plus the broker fees plus the renewed premium amounts for the Receiver's Bond and Insurance.

The balance of the equities are in Osekavage's favor and those of the Estate of Judith Wetzstein. As a result of Peter Mergenthaler's failure to make support payments to assignor Ms. Wetzstein, Ms. Wetzstein lived her final years of life on public assistance and deteriorated mentally to the point where she committed suicide. At the same time that Ms. Wetzstein was

living in poverty, Mr. Mergenthaler was living in his current wife's Water Mill, NY Premises paid for, in part, with money that should have been paid to support Ms. Wetzstein. The loss of a cash buyer is likely to reduce the amount of proceeds that will be paid to Osekavage and the Estate of Judith Wetzstein. Cash buyers do not come along often and it is likely that the next buyer will need time to get a mortgage.

      Thus, given the significant prejudice to Osekavage and the Estate of Judith Wetzstein, if a stay is granted, and the balance of the equities in favor of those entities, Peter Mergenthaler's Motion for a Stay should be denied or at the very least he should be ordered to post a bond equal to the contract price plus the amount of the broker's fees and costs of insurance and bond.

## IN CONCLUSION

      Peter Mergenthaler's multiple proposed Orders to Show Cause for a stay on appeal should be denied and the Court should grant such other and further relief as is just and equitable.

Dated: Bellmore, NY
      April 20, 2015

> Respectfully submitted,
> \_\_\_\_\_/s/_____
> Melissa B. Levine, Esq.
> Gold Benes LLP
> Attorneys for Plaintiff-Respondent
> Dean Osekavage d/b/a Pathfinders USA as assignee of Judith Wetzstein
> 1854 Bellmore Avenue
> Bellmore, New York 11710
> (516) 512-6333