UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————— x   Docket No.: **15 CV 2031, 2032,
                                          2033 & 2034**

In re:                                    CHAPTER 7
Peter Mergenthaler, Debtor
                                          Case No. 8-14-74517-REG
——————————————————————— x

Dean Osekavage d/b/a Pathfinders USA
As Assignee of Judith Wetzstein,
           Plaintiff-Appellee
                                          Adv. Proc. No. 8-15-08005 (reg)
Peter Mergenthaler                        **F I L E D**
           Defendant-Appellant            IN CLERK'S OFFICE
——————————————————————— X                 U.S. DISTRICT COURT E.D.N.Y.

                                          ★   APR 21 2015   ★

                                          LONG ISLAND OFFICE

DEBTOR-DEFENDANT-APPELLANT *PRO SE*
PETER MERGENTHALER'S
# REPLY AFFIRMATION
### IN FURTHER SUPPORT OF OTSC STAYING
### ENFORCEMENT OF ORDERS BEING APPEALED
### AND OTHER APPROPRIATE RELIEF

I, Peter Mergenthaler, debtor-defendant-appellant *pro se* herein, affirm under the penalty of perjury as follows:

1. I am the debtor-defendant-appellant *pro se* in this appellate proceeding. I make this REPLY AFFIRMATION in further support of my application-motion for an order staying enforcement and/or execution of all judgments-orders issued by Honorable Robert E. Grossman, and Honorable Arthur Pitts of the New York Supreme Court, Suffolk County, being appealed, and/or for any appropriate relief in the circumstances.

2. As this Court is aware, my proposed OTSC's were timely served upon Plaintiff-Appellee and his attorneys at law, and Receiver Cuthbertson, and these entities were aware of their duty of serving and filing opposition papers, if any, with the Court on before Friday April 17, 2015, but have failed to do so.

3. Only on Monday April 20, 2015, I was served with Levine, Esq.,'s opposition

papers on behalf of plaintiff-appellee Dean Osekavage, that is supposed to be on file with the Court. **They are untimely and should be disregarded by the Court.**

4. A careful review of Ms. Levine's papers in opposition to this Court's OTSC shows that she fails to oppose the major portion of the OTSC directing her to explain why she and/or Cutherbertson should not be held in contempt of Court for having willfully violated automatic stay pursuant to 11 USC 362(a)2 in that she and Receiver Cuthbertson keep continuing to enforce her purported client Dean Osekavage's May 3 2012 $1,560,000 Money Judgment against debtor-appellant Peter Mergenthaler herein. **[See, EXHIBIT 11 annexed hereto – Order by the Justice Court imminently directing the physical eviction of appellant herein and his wife.]**

5. **As such, this Court should grant immediately appellant's requested stay of enforcement of any order of the U.S. Bankrutpcy Court being appealed to this Court under docket numbers of the instant appellate proceeding, for being unopposed.**

6. A careful review of Ms.Levine's papers in opposition to this Court's OTSC shows further that she fails to explain why my instant appeals are not meritorious but would most likely be dismissed.

7. Indeed, first, she fails to explain why those orders of the U.S. Bankruptcy Court that are being appealed would not most likely be reversed by this Court for having granted a summary judgment declaring a money judgment of $1,560,000.00 against the Debtor herein non-dischargeable, while undisputedly there are several material issues of fact to be tried by the Court. She baldly alleges that it is so, because the New York Supreme Court has so decided, some kind of interpretation by Ms. Levine herself that is absolutely and outreageously false as a matter of fact regarding any existing order of the NYSC in the matter. Indeed, it is undisputed as a matter of law that the interpretation of an order of another forum is a material issue of fact to be decided at trial, unless both parties consented to it, something that is absolutely not the case in this matter.

8. Second, Ms. Levine further fails to explain why those orders of the U.S. Bankruptcy Court that are being appealed would not most likely be reversed by this Court for having lifted automatic stay in violation of 11 USC 362(a)2, which conspicuously prohibits such purported creditor as Dean Osekavage to enforce his money judgment in the outrageous amount of $1,560,000.00 against the Debtor-

appellant Peter Mergenthaler herein, while my bankruptcy proceeding is pending adjudication.

9. A careful review of Ms. Levine's papers in opposition to this Court's OTSC finally shows that she mainly focuses her objection to a stay of orders being appealed, pending appeal, on the factual allegation that I have untimely filed my appeal from the U.S. Bankrutpcy Court's December 15 2014 Order authorizing a lift of automatic stay over activities in state court proceedings.

10. The foregoing contention is an egregious sanctionable misrepresentation of fact to this Court. Indeed, Levine, Esq., alleges that "only" on April 9, 2014 Appellant herein filed a Notice of Appeal from the Bankruptcy Court's December 15 2014 Order lifting automatic stay. However, records submitted by her in support of her opposition papers show that on December 29, 2014 appellant timely filed his motion for reconsideration of that order [See, EXHIBIT G to Levine's Opp.], which was denied on February 10, 2015 by the Court. [See, EXHIBIT J to Levine's Opp.]. EXHIBIT L to Levine's Opposition shows that Appellant timely filed a second motion for reconsideration of the Court's February 10 2015 Denial Order, which motion was denied on March 27, 2015 [See, EXHIBIT P to Levine's Opp.] EXHIBIT Q to Levine's Opposition shows that Appellant timely filed a third motion for reconsideration of the Court's March 27 2015 Denial Order, which third motion for reconsideration was finally denied on April 3, 2015 [See, EXHIBIT W to Levine's Opp.]

11. As such, Ms. Levine willfully lies when she asserts that I have failed to timely filed an appeal from the Court's December 15 2014 Order lifting automatic stay. Indeed, her reasoning makes sense only under New York State CPLR Appellate Rules and Procedure, but not under the F.R.Cv.P.

12. It is however clear evidence that Ms. Levine lies and cheats when it comes to prosecute fictitious plaintiff Dean Osekavage's purported causes of action against me, and she should be held in contempt of court for this obvious misconduct alone.

### PLAINTIFF-APPELLEE FAILS TO SHOW THAT THE INSTANT APPEAL LACKS MERITS AND WOULD NOT MOST LIKELY PREVAIL

13. In her opposition papers, Levine, Esq., does not dispute, hence admits, that

on October 3, 2014 debtor-defendant-appellant Peter Mergenthaler herein filed for bankruptcy under Chapter 7 in the U.S. Bankruptcy Court for the Eastern District of New York. Caption: in re Peter Mergenthaler, Chapter 7 Debtor, Docket No. 14-74517, Hon. Robert E. Grossman, Presiding Judge.

14. On or about December 15, 2014, upon motion by purported creditor-plaintiff-appellee Dean Osekavage, and Mark Cuthrbertson, Esq., Receiver, the Court issued an order [EXHIBIT 1 – annexed to OTSC] without any formal reasoning or explanation, lifting automatic stay over the eviction of occupants and/or the sale of a real property located at 3 Wood Edge Court, Water Mill, NY 11976. The reasoning, if any, appears to be that the said real property is not an asset of my (debtor Peter Mergenthaler's) bankruptcy estate, and hence not protected by my filing of the instant bankruptcy proceeding under 11 USC 362(a).

15. Debtor-defendant-appellant timely filed motions for reconsideration of the said December 15 2014 Order of the Court, mainly on the ground that such finding is 100% contrary to a finding made by the New York Supreme Court determining that said real property is an asset of Debtor-appellant herein, and as such Creditor-plaintiff-appellee Osekavage may dispossess occupants (me and my wife) thereof and sell it to satisfy his money judgment granted by Justice Arthur G. Pitts of the NYSC. [EXHIBIT 2 – annexed to OTSC]

16. On January 5, 2015, an individual by the name of Melissa B. Levine, holding herself out as an attorney at law, filed an adversary proceeding with the U.S. Bankruptcy Court in lieu of an objection to debtor's discharge, by signing and certifying a purported complaint on behalf of her fictitious client Dean Osekavage, a professional debt-collector residing in Las Vegas, Nevada. *Dean Osekavage v. Peter Mergnethaler* - Docket No. 8-15-8005-reg [EXHIBIT 3 – annexed to OTSC]

17. In her opposition papers, Levine, Esq., does not dispute hence admits that the said adversary proceeding was **untimely** filed, in that it was served on January 9, 2015, i.e. four days subsequent to January 5, 2015, the last day when an objection to discharge by a creditor is allowed by the Court. [See Electronic Docket Report of Case – Entry #3 dated 1/9/2015]

18. The complaint was not signed anywhere by the alleged plaintiff Dean Osekavage but by Levine, Esq., only. [EXHIBIT 3, P. 8 annexed to OTSC]

19. On the face of said purported unsigned complaint, Osekavage commenced

Adversary Proceeding No. 15-8005-reg to request the Bankruptcy Court to order Chapter 7 debtor Peter Mergenthaler to pay him more than $1,560,000.00 as and for spousal support arrears that Peter allegedly owed to one of Osekavage's clients, to wit: Judith Wetzstein, and most substantial amount of interests and his own collection fees, and his attorney's fees and/or other charges or expenses or disbursements or court costs. [EXHIBIT 3 annexed to OTSC]

20. Thereafter, debtor-appellant herein filed a motion to dismiss Levine's forgoing adversary proceeding on the grounds that (a) it is untimely hence time-barred; (b) Osekavage has never signed the complaint or allowed Levine, Esq., to sign for him, hence it is null and void as a matter of law; (c) Osekavage has no standing to sue, in that, on the face of said purported complaint seeking spousal support, Osekavage does not assert that he, being ex-spouse of Peter Mergenthaler, is entitled by law to alimony or maintenance from Peter, hence the Court has no subject-matter jurisdiction; (d) any purported assignment agreement establishing a revocable debt collection agency contract between Osekavage and his purported client Judith Wetzstein was revoked and rendered null and void by operation of law when the late Ms. Wetzstein died on November 20, 2012, hence the Court has no subject-matter jurisdiction; and (e) the agency agreement failed to establish that agent Dean Osekavage, a non-lawyer, may practice law by suing in his own name as plaintiff in lieu of his client Judith Wetzstein in courts of competent jurisdiction such as the NYSC or the U.S. Bankruptcy Court to press Judith's causes of action, if any, in her name, hence the Court has no subject-matter jurisdiction over Osekavage's non-causes of action; and (e) the agency agreement failed to establish that agent Dean Osekavage may retain a licensed attorney at law to represent him as a plaintiff having a direct cause of action against Peter Mergenthaler as a defendant; hence the Court has no subject-matter jurisdiction over Osakage's representation as a non-lawyer of one of his clients. [EXHIBIT 4 annexed to OTSC]

21. On February 10, 2015 Judge Grossman denied Debtor's motion for reconsideration of the Court's December 15 2014 Order lifting automatic stay. [Entry #37 Docket Case 14-74517.] [EXHIBIT 5 annexed to OTSC].

22. On or about February 12, 2015 Debtor filed his Motion to Dismiss Adversary Proceeding *objecting to discharge and reconsider the 2/10/2015 Order Reaffirming Lift of Automatic Stay* [15-8005-reg Docket Entry No. 8, dated 2/12/2015]. Plaintiff

Dean Osekavage opposed Debtor's motion for reconsideration and motion to dismiss adversary proceeding, and cross-moved the Court for summary judgment granting him an order declaring his NYSC Money Judgment of over 1,560,000.00 non-dischargeable. [Entries 9 & 10 of A/P 15-8005-reg Docket.] Defendant duly replied. [Entry #11 of A/P 15-8005-reg]

23. On March 2, 2015, in open Court, Judge Grossman denied Debtor's motion for reconsideration of the Court's December 15 2014 Order lifting automatic stay. The Court reserved adjudication of other issues until March 30, 2015, after having directed plaintiff Osekavage to produce a true copy of any assignment contract between Judith Wetzstein and Dean Osekavage. **It conspicuously appeared that this was the main issue of fact in the matter to be tried by the Court.**

24. Prior to March 30, 2015, Debtor-appellant herein filed with the Court a supplemental motion submitting a copy of Osekavage's purported assignment agreement signed by the late Wetzstein and produced by Levine, Esq., on his behalf in the NYSC. [EXHIBIT 6 annexed to OTSC] **On its face the foregoing agency contract is revocable by operation of law at the death of either the agent or the principal.** It is as such undisputed upon irrefutable documentary evidence that Osekavage, being no more Judith Wetztein's assignee by operation of law, had no standing to commence an adversary proceeding on her behalf, and the proceeding must be dismissed due to the Court's 100% lack of subject-matter jurisdiction. [EXHIBIT 6 annexed to OTSC] [Entry #17 of A/P 15-8005-reg]

25. On or about March 21, 2015, Debtor filed his 2nd Supplemental Motion seeking an order disqualifying Melissa B. Levine, Esq., from representing Dean Osekavage for her undisputed serious professional misconduct in that she actively assists non-lawyer Dean Osekavage to practice law in the State of New York and split attorney's fee with him. Indeed, only a licensed lawyer may press Judith Wetzstein's causes of action against appropriate parties in court of competent jurisdiction. As such, by representing Osekavage to press causes of action of third party Wetzstein, who had no reason not to retain her own attorney at law to sue, Melissa B. Levine, Esq., has undisputedly and unlawfully assisted non-lawyer Dean Osekavage to practice law in the State of New York and split attorney's fee with him. Such undisputed serious misconduct is worthy of disbarment. [Entry #22 of A/P 15-8005-reg]

26. In her opposition papers, Levine, Esq., fails to dispute, hence admits, that no

summary judgment in favor of Osekavage could be granted in this proceeding because triable material issues of fact exist, to wit: (a) Osekavage does not wish to commence adversary proceeding, having absolutely no reason not to sign "his" complaint had he wanted to; (b) Osekavage has failed to file a proof of claim establishing the exact amount of alleged spousal support due to Judith Wetztein by Debtor as distinguished from any other monetary awards amounting to the unconscionable amount of more than $1,560,000.00; (c) whether purported assignment agreement between Osekavage and Wetzstein was valid and qualified Osekavage to commence adversary proceeding to collect alimony or maintenance for a deceased ex-spouse. [Entries #17 & 22 of A/P 15-8005-reg]

27. Finally, in her opposition papers, Levine, Esq., fails to dispute, hence admits, that a correct and straightforward interpretation of 11 USC 362(a)2 does not allow purported creditor Osekavage to enforce his NYSC Money Judgment against debtor Peter Mergenthaler by selling 3 Wood Edge Court, Water Mill, NY 11976, and/or evict occupants thereof, while such judgment is pending discharge. [Entries #17 & 22 of A/P 15-8005-reg]

28. On or about March 26, 2015, i.e. only two business days prior to the adjourned Preliminary Hearing of March 30, 2015, creditor-appellee filed his opposition papers to Debtor's supplemental papers with the Court. On the face of his opposition papers, Osekavage submitted the same copy of the purported assignment agreement to the Court, but (a) failed to show that alleged plaintiff Osekavage, in whose name Levine, Esq., signed the complaint [EXHIBIT 3 annexed to OTSC] is the same individual as the one who had signed the Assignment Contract [EXHIBIT 6, p.2 annexed to OTSC] [Indeed, the signature of purported Dean Osekavage on his affirmation dated March 3, 2015 [EXHIBIT 7, p. 4 annexed to OTSC], in opposition to debtor's supplemental motions, is undisputedly not the same as the one posted by assignee Osekavage at the bottom of the assignment agreement [EXHIBIT 6, p. 3 annexed to OTSC]; and (b) failed to show that either signature is identical to another signature of purported plaintiff unlicensed professional debt collector Dean Osekavage on an affidavit filed with the NYSC on or about December 29, 2011 [EXHIBIT 8, p. 2 annexed to OTSC]; and (c) failed to show that Osekavage's adversary proceeding was timely commenced by plaintiff serving the complaint and summons prior to January 5, 2015 as ordered by the Court, and (d) failed to submit

legal authorities that an agency agreement is not revoked by operation of law at the death of the principal; and (e) failed to submit legal authorities that a husband is obliged by law to pay spousal support to a deceased ex-wife; (f) failed to submit legal authority showing that an attorney duly admitted to practice law in this Court is allowed to assist non-lawyers to practice law to prosecute third parties' causes of action in the names of the agents and not victims and split attorney's fees with them; and (g) failed to show that the Bankruptcy Court has authority to lift automatic stay to allow a creditor to enforce a money judgment, being subject to discharge, against the debtor, pending adjudication of discharge in glaring violation of 11 USC 362(a)2.

29. In her opposition papers, Levine, Esq., fails to dispute, hence agrees, that unless the Court summarily granted Debtor's motion to dismiss Osekavage's adversary proceeding due to the Court's total lack of subject-matter jurisdiction, undisputedly, there are material triable issues of fact to be adjudicated at a full and fair hearing by the U.S. Bankruptcy Court before the Court may declare non-dischargeable Osekavage's cross-motion seeking such relief.

30. Notwithstanding the above, on March 30, 2015, in open court, within two minutes, but without any rational explanation the Court granted summary judgment approving Osekavage's adversary proceeding while ignoring several material triable issues of fact.

31. The Court further denied my third by timely motion for reconsideration of the Court's December 15 2014 Order lifting automatic stay in violation of 11 USC 362(a)2. All these orders are being timely appealed.

32. In her opposition papers, Ms. Levine does not dispute, hence admits, that on their faces none of these orders are explained rationally with some logical reasoning as to why the Court makes such drastic and damaging decisions in favor of an actually non-existing plaintiff and/or his attorney helping a unlicensed debt-collector to practice law in the U.S. Bankruptcy Court, and against debtor herein;

# Legal Discussion

33. In her opposition papers, Ms. Levine fails to dispute, hence admits, that it is settled law based on litigant's constitutional right to due process that the Court explains its decisions in a rational manner. Without any explanation, the Court's order can only be deemed arbitrary and/or irrational on its face.

34. In her opposition papers, Ms. Levine fails to dispute, hence admits, that based on litigant's constitutional right to due process and/or to have their day in court that summary judgment may not be granted when there are matrimonial triable issues of fact to be adjudicated by the Court.

35. In her opposition papers, Ms. Levine fails to dispute, hence admits, that one of the most outrageous features in the bankruptcy Court's orders, being appealed, granting summary judgment is that the Court ignores completely the material triable issue of fact that "Dean Osekavage" is ostensibly a fictitious character being created from scratch by Melissa B. Levine, Esq., according to undisputed documentary evidence submitted by herself, to assist her to collect a $1,560,000.00 money judgment against debtor-appellant herein under false pretenses by selling somebody else's house.

36. As such, in her opposition papers, Ms. Levine fails to dispute, hence admits, that my instant appeal from the Bankruptcy Court's orders, denying me such fundamental rights to due process, is meritorious and would most likely prevail.

37. The last argument by Levine, Esq., that appellant must post a bond in the amount of $1,800,000.00 before being allowed to file this appeal is absurd. Indeed, a stay of all orders being appealed would not cause any damage to plaintiff-appellee since the value of the real estate that may be sold by appellee remains intact and not to be taken or destroyed by appellant herein in any manner or form.

## THE ENFORCEMENT OF THE ORDERS BEING APPEALED
## WOULD CAUSE IRREPARABLE DAMAGES TO APPELLANTS

38. In respondent's opposition papers, Levine, Esq., fails to dispute that Rosemary Mergenthaler is the sole title owner of 3 Wood Edge Court, Water Mill, NY 11976.

Rosemary Mergenthaler and Peter Mergenthaler are married since 1999 and are residents of their home located at 3 Wood Edge Court, Water Mill, NY 10976 since 2004.

39. Rosemary Mergenthaler and Peter Mergenthaler have no other place to live. Peter is 74 years of age. Rosemary is 57 and in poor health.

40. As such, respondent fails to even suggest why an enforcement of the NYSC Orders being appealed consisting of evicting appellants from their residence to live homeless in the street would not cause irreparable damages in the highest degree to appellants.

41. On the other hand, respondent's contention that plaintiff would suffer irreparable damages in the event of a stay, because he would miss a great opportunities to sell defendant-appellant's house at a good price, is absolutely meritless as a matter of law. Indeed, such "damages" are speculative and only monetary and of course quite reparable if any repair is warranted.

# CONCLUSION

In order to appeal to this Court's sympathy to plaintiff's cause, if any, Levine, Esq., states that defendant-appellant Peter Mergenthaler herein lived a life of luxury with the money that he should have paid to his ex-wife Judith Wetzstein, causing her to live in a welfare apartment and then kill herself to end her miserable life. First, there was absolutely no truth to such lamentable lie purely made up from thin air by an unscrupulous attorney at law creating a fictitious plaintiff to sue helpless senior citizens to rob them under color of law their lifetime saving with the complacency of an unjust and unfair court of law, taking advantage of people instead of doing justice.

In any event, said sad story fictitiously created by Levine, Esq., is not material to the adjudication of this appeal, hence of this OTSC. Indeed, it is undisputed on the face of the papers and pleadings signed and filed by plaintiff-appellee herein with the NYSC and the U.S. Bankruptcy Court for the Eastern District of New York that Ms. Levine's client is Dean Osekavage, a professional debt collection living in Las Vegas, Nevada, and not at all Judith Wetzstein, ex-wife of Peter Mergenthaler, who died on November 20, 2012, and never signed

any retainer agreement with Ms. Levine or any law firm she is counsel of.

It is further undisputed on the face of the papers and pleadings signed and filed by plaintiff-appellee herein with the NYSC and the U.S. Bankruptcy Court for the Eastern District of New York that Ms. Levine assisted fictitious Dean Osekavage, a non-lawyer, to practice law in the State of New York and shared attorney's fees with him, an undisputed serious misconduct worthy of disbarment.

Finally, since the instant appeals are absolutely meritorious and would most likely prevail, and the major portion of the OTSC pertaining to why the Bankrutpcy Court granted summrary judgment to an adverasary proceeding, while numerous issues of fact are triable, or why Levine, Esq., and/or Cuthbertson, Esq., may not be held in contempt of Court for having willfully violated 11 USC 362(a)2. is unopposed, and that the enforcement and/or execution of the orders being appealed would absolutely cause irreparable great physical damages to debtor-defendant-appellant and his wife, this Court should grant a stay of endforcement or execution of all orders being appealed until such time as this appeal would be adjudicated by this Court with finality.

WHEREFORE, Debtor-defendant-appellant Peter Mergenthaler respectfully moves this Court to grant an Order awarding all relief sought in the instant ORDER TO SHOW CAUSE, and **staying enforcement and/or execution of all orders being appealed,** and directing such other and further relief as this Court may deem just, fair and proper.

Dated: April 20, 2015

Peter Mergenthaler, Defendant-appellant *pro se*

# AFFIRMATION OF SERVICE

Peter Mergenthaler, affirms under penalty of perjury as follows:

I am debtor-defendant-appellant *pro se* herein. I reside at 3 Wood Edge Court, Water Mill, NY 11976.

On April 20, 2015, I served by First Class Mail the true copies of the instrument herein upon:

Andrew M. Thaler
Chapter 7 Trustee
Thaler Law Firm PLLC
675 Old Country Road
Westbury, NY 11590

The U.S. Trustee
Office of the United States Trustee
560 Federal Plaza – Room 561
Central Islip, NY 11722-4437

Melisa B. Levine, Esq.
Gold Benes LLP
Attorneys for Dean Osekavage
1854 Bellmore Avenue
Bellmore, NY 11710

Mark A. Cuthbertson, Esq.,
Receiver of 3 Wood Edge Court, Water Mill, NY
434 New York Avenue
Huntington, NY 11743

Dated: April 20, 2015

Peter Mergenthaler
3 Wood Edge Court,
Water Mill, NY 11976



**EXHIBIT No. 11**

# Law Offices
## of
## Mark A. Cuthbertson

434 New York Avenue
Huntington, NY 11743
cuthbertsonlaw.com
P: (631) 351-3501
F: (631) 614-4314

Mark A. Cuthbertson
Anne Y. Shields

Of Counsel
Michelle M. Pfeiffenberger

April 16, 2015

**VIA OVERNIGHT MAIL**
Honorable Edward D. Burke Sr.
Southampton Town Justice Court
32 Jackson Avenue
Hampton Bays, New York 11946

      RE: Mark A. Cuthbertson, As Receiver v.
            Rosemary Mergenthaler and Peter Mergenthaler
            Docket No.: 14070861

Dear Judge Burke:

In reference to the above-captioned matter, I enclose herewith the following:

1. Warrant of Eviction – original plus one copy;
2. Judgment of Possession – original plus one copy;
3. Check No. 6027 in the amount of $2.00 for a Transcript of Judgment; and
4. A Self-Addressed Stamped Envelope.

If you have any questions, please feel free to contact me.

Very truly yours,

Mark A. Cuthbertson

MAC:djf
cc: Perry L. Cohen, Esq.
     Melissa Levine, Esq.
     Mr. Peter Mergenthaler

## NOTICE OF ENTRY

Docket No.: 14070861

Sir:- Please Take notice that the within is a (certified) true copy of
duly entered in the office of the clerk of the within named Court on

Yours, etc.,
**Law Offices of Mark A. Cuthbertson**
*Receiver*

*Office and Post Office Address*
**434 New York Avenue
Huntington, New York 11743
(631) 351-3501**

To:

=======NOTICE OF SETTLEMENT=======

Sir:- Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at
on the    th day of    , 2015.
at 9:30 A. M.
Dated,
        Yours, etc.,
    *Receiver*
        *and Post Office Address*
        **434 New York Avenue
        Huntington, New York 11743**

TO

---

SOUTHAMPTON TOWN JUSTICE COURT
COUNTY OF SUFFOLK
================================

Mark A. Cuthbertson, As Receiver,

                Petitioner-Receiver,

        -against-

Peter Mergenthaler and Rosemary Mergenthaler,

                Respondents-Tenants.

Premises: 3 Wood Edge Court, Watermill, NY

**WARRANT OF EVICTION**

_____

                Signature (Rule 130-1.1a)
        _____/s/_____
        Mark A. Cuthbertson

        Law Offices of Mark A. Cuthbertson

*Attorney for*
    **Receiver**
*Office and Post Office Address, Telephone*
    **434 New York Avenue
    Huntington, New York 11743**
    Tel: (631) 351-3501 Fax: (631) 614-4314

---

AFFIDAVIT OF SERVICE BY MAIL
STATE OF NEW YORK )
                 ) ss.:
COUNTY OF SUFFOLK )
Dated:
being duly sworn
deposes and says that deponent is not a party
to the action, is over 18 years of age and resides
at Huntington, New York.

Day of            , 2015,
she served the within

upon

Attorneys for Plaintiff
in this action at

the address designated by said attorney(s) for
the purpose by depositing a true copy of same
enclosed in a postpaid properly addressed wrapper,
in -----a Post Office-----official depository under
exclusive care and custody of the United
States Post Office Department within the State

Sworn to before me this
day of            , 2015.

SOUTHAMPTON TOWN JUSTICE COURT
COUNTY OF SUFFOLK
------------------------------------x
MARK A. CUTHBERTSON, As Receiver,

                                       Petitioner-Receiver,

DOCKET NO.: 14070861

-against-

PETER MERGENTHALER AND
ROSEMARY MERGENTHALER,

**WARRANT OF EVICTION**

                                         Respondents-Tenants.

Premises: 3 Wood Edge Court
            Watermill, New York 11976

------------------------------------x

TO THE SHERIFF OF THE ABOVE JUSTICE COURT, GREETINGS:

      **WHEREAS**, a petition in the above-entitled proceeding was presented on or about July 9, 2014 to this Court on behalf of Petitioner-Receiver MARK A. CUTHBERTSON for a final judgment to recover possession of said premises and for a warrant to remove Respondents-Tenants PETER MERGENTHALER AND ROSEMARY MERGENTHALER, from the premises known as: 3 Wood Edge Court, Watermill, New York 11976, County of Suffolk, upon the grounds that Respondents-Tenants failed to vacate the premises and the Court having entered a judgment against the Respondents-Tenants, would entitle Petitioner-Receiver to immediate entry of a judgment of possession and the issuance of a warrant of eviction without a stay, the Court did thereupon render final judgment awarding to the Petitioner-Receiver, the delivery of the possession of the said property;

      **THEREFORE**, in the name of the People of the State of New York you are hereby commanded to remove said items of Respondents-Tenants', and any and all other persons from said premises and put Petitioner-Receiver in said petition named in full possession thereof.

      **WITNESS**, _____, one of the judges of our said court at the County of Suffolk, dated the _____ day of _____, 2015.

                                                                                 J.D.C.

| NOTICE OF ENTRY | Docket No.: 14070861 | |
|---|---|---|
| Sir:- Please Take notice that the within is a (certified) true copy of duly entered in the office of the clerk of the within named Court on | SOUTHAMPTON TOWN JUSTICE COURT COUNTY OF SUFFOLK | AFFIDAVIT OF SERVICE BY MAIL STATE OF NEW YORK ) ) ss.: COUNTY OF SUFFOLK ) |
| | Mark A. Cuthbertson, As Receiver, | Dated: being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Huntington, New York. |
| Yours, etc., Law Offices of Mark A. Cuthbertson *Receiver* | Petitioner-Receiver, -against- Peter Mergenthaler and Rosemary Mergenthaler, Respondents-Tenants. | |
| *Office and Post Office Address* 434 New York Avenue Huntington, New York 11743 (631) 351-3501 | | Day of , 2015, she served the within |
| To: | Premises: 3 Wood Edge Court, Watermill, NY | upon |
| | **JUDGMENT OF POSSESSION** | Attorneys for Plaintiff in this action at |
| ========NOTICE OF SETTLEMENT======== | | |
| Sir:- Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at on the th day of , 2015. at 9:30 A. M. Dated, Yours, etc., *Receiver* *and Post Office Address* 434 New York Avenue Huntington, New York 11743 TO | Signature (Rule 130-1.1a) Mark A. Cuthbertson _____ Law Offices of Mark A. Cuthbertson *Attorney for* **Receiver** *Office and Post Office Address, Telephone* 434 New York Avenue Huntington, New York 11743 Tel: (631) 351-3501 Fax: (631) 614-4314 | the address designated by said attorney(s) for the purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in -----a Post Office----official depository under exclusive care and custody of the United States Post Office Department within the State Sworn to before me this day of , 2015. |

SOUTHAMPTON TOWN JUSTICE COURT
COUNTY OF SUFFOLK
----------------------------------- x
MARK A. CUTHBERTSON, As Receiver,

                            Petitioner-Receiver,

   -against-

PETER MERGENTHALER AND
ROSEMARY MERGENTHALER,

                        Respondents-Tenants.

Premises: 3 Wood Edge Court
          Watermill, New York 11976

DOCKET NO.: 14070861

**JUDGMENT OF POSSESSION**

----------------------------------- x

     A notice of petition containing a notice of demand for judgment of possession, together with the petition, having been duly served and filed herein with proof of due service thereof; and

     Respondents-Tenants Peter Mergenthaler and Rosemary Mergenthaler failed to vacate the premises and the Court having entered a judgment against the Respondents-Tenants, entitles Petitioner-Receiver to immediate entry of a judgment of possession and issuance of a warrant of eviction.

     The court having rendered a decision in favor of Petitioner-Receiver;

     **NOW**, on motion of Mark A. Cuthbertson, Petitioner-Receiver, it is

     **ADJUDGED**, that MARK A. CUTHBERTSON, Petitioner-Receiver does hereby recover of Respondents-Tenants PETER MERGENTHLAER AND ROSEMARY MERGENTHALER possession of the premises described in the petition; and it is further

     **ADJUDGED**, that a warrant of eviction issue forthwith.

Dated:                                  Enter,

                                                      J.D.C.

     Judgment in accordance with the foregoing

Dated:                                  Clerk