UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
In re MERGENTHALER,                          MEMORANDUM & ORDER
                                             15-CV-2034(JS)


------------------------------------X
DEAN OSEKAVAGE d/b/a PATHFINDERS
USA as assignee of Judith Wetzstein,

               Plaintiff-Appellee,

          -against-

PETER MERGENTHALER,

               Defendant-Appellant.
------------------------------------X
APPEARANCES
For Appellant:               Peter Mergenthaler, pro se
                             3 Wood Edge Court
                             Water Mill, New York 11976


For Appellee
Andrew M Thaler:             Andrew M. Thaler, Esq.
                             Thaler Law Firm PLLC
                             675 Old Country Road
                             Westbury, New York 11590


For Appellee
United States
Trustee:                     Christine Black, Esq.
                             Office of the U.S. Trustee
                             560 Federal Plaza
                             Central Islip, New York 11572


For Appellee
Dean Osekavage:              Melissa Beth Levine, Esq.
                             Gold Benes LLP
                             1854 Bellmore Avenue
                             Bellmore, New York 11710


For Appellee
Mark A. Cuthbertson:         Mark A. Cuthbertson, Esq.
                             Law Offices of Mark A. Cuthbertson
                             434 New York Avenue
                             Huntington, New York 11743

SEYBERT, District Judge:

Pending before the Court is Peter Mergenthaler's ("Appellant") motion (Docket Entry 10) seeking reconsideration of the Court's April 29, 2015, Memorandum and Order (the "April 2015 Order," Docket Entry 9).  For the reasons that follow, Appellant's motion is DENIED.

BACKGROUND

The Court presumes familiarity with the facts of this case, which are discussed in detail in the April 2015 Order.  Briefly, this case concerns Appellant's legal battle with Dean Osekavage d/b/a Pathfinders USA ("Osekavage"), a debt collector, who was assigned a debt that Appellant owed to his now deceased ex-wife, Judith Wetzstein, following their divorce.  (April 2015 Order at 2-3.)  Osekavage seeks to sell Appellant's residence, which is owned by Appellant's current wife, to satisfy the debt.  In an effort to stop the sale, Appellant filed for bankruptcy. (April 2015 Order at 3-4.)

In its April 2015 Order, the Court denied Appellant's motion seeking a stay pending the resolution of four separate bankruptcy appeals.  (April 2015 Order at 14.)  In denying Appellant's motion, the Court found that Appellant was unlikely to succeed on the merits because Bankruptcy Judge Robert E. Grossman correctly determined that: (1) Appellant's debt was a marital support obligation and (2) it was appropriate to lift the automatic

2

stay with respect to the Property because it was not part of Appellant's bankruptcy estate. (April 2015 Order at 8-12.) Appellant filed a motion for reconsideration on May 4, 2015. (Docket Entry 10.) Liberally construed, Appellant argues that the Court failed to consider: (1) that the automatic stay should protect the Property pursuant to 11 U.S.C. 362(a)(2) because Osekavage was seeking to collect a money judgment from him; (2) the powers granted to the Bankruptcy Court by 11 U.S.C. 105; and (3) the argument that Osekavage lacks standing to sue Appellant. (Appellant's Br., Docket Entry 10, ¶¶ 9-10, 16, 21-22.)

## DISCUSSION

The Court will first address the applicable legal standard before turning to Appellant's contentions.

## I. Standard of Review

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding

the original motion.  See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).  Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court.  Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II.  Appellant's Challenge Concerning 11 U.S.C. § 362(a)(2) is Meritless

Appellant first argues that the Court misinterpreted 11 U.S.C. § 362(a)(2) in its April 2015 Order when addressing whether the Bankruptcy Court properly lifted the automatic stay. (Appellant's Br. ¶ 9.)  Appellant contends that, pursuant to 11 U.S.C. § 362(a)(2), the automatic stay should have extended to the Property, regardless of whether it is within his estate, because Osekavage's underlying purpose in seeking to sell the Property was to enforce a money judgment against Appellant.  (Appellant's Br. ¶ 10.)  Appellant's reliance on 11 U.S.C. § 362(a)(2) is irrelevant, however, because Osekavage's debt was classified by the Bankruptcy Court as a marital support obligation, under 11 U.S.C. § 362(b)(2)(B), a debt category that is not dischargeable.

See In re Cole, 202 B.R. 358, 358-59 (S.D.N.Y. 1996) (stating that § 362(b)(2)(B) subjects the debtor's non-estate property to domestic support obligation claims).

III.  The Bankruptcy Code Does Not Give the Court the Power to Look Behind a State Court Judgment

Appellant next argues that under 11 U.S.C. § 105, the Court has the power to look behind Osekavage's state court judgment and re-litigate its validity.  (Appellant's Br., ¶ 16.)  However, the Court already held in its April 2015 Order, that the Rooker-Feldman doctrine precludes the Court from reviewing the validity of Appellant's state court judgment.  (April 2015 Order at 10-12.) Appellant's liberal reading of 11 U.S.C. § 105, the statute defining the Court's power to enforce the provisions of the Bankruptcy Code, does not compel a different conclusion.  See In re Dabrowski, 257 B.R. 394, 405-06 (S.D.N.Y. 2001) (applying the Rooker-Feldman doctrine to a bankruptcy case); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005); Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005) (stating that under the Rooker-Feldman doctrine, the "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments").  The Court therefore need not analyze this issue further.

IV.  The Argument that Osekavage Lacks Standing was Already
     Rejected

            Finally, Appellant argues that Osekavage did not have

standing to sue Appellant and obtain a judgment in state court

against him because the assignment of the debt at issue was revoked

by operation of law.  Appellant made a similar standing argument

in his original motion, and the Court already held that "[u]nder

the Rooker-Feldman doctrine, whether the judgments Osekavage was

granted in state court were properly obtained is not a question

that the Bankruptcy Court--or this Court--has jurisdiction to

decide."  (April 2015 Order at 11.)  Thus, Appellant's standing

argument was properly rejected in the Court's April 2015 Order.

                              CONCLUSION

            For the foregoing reasons, Appellant's motion for

reconsideration is DENIED.


                                   SO ORDERED.


                                   /s/ JOANNA SEYBERT
                                   Joanna Seybert, U.S.D.J.

DATED:    January   15  , 2016
          Central Islip, New York


                                   6