```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re MERGENTHALER,                              MEMORANDUM & ORDER
----------------------------------------X        15-CV-2034 (JS)
DEAN OSEKAVAGE d/b/a PATHFINDERS USA
as assignee of Judith Wetzstein,

                Plaintiff-Appellee,

        -against-

PETER MERGENTHALER,

                Defendant-Appellant.
----------------------------------------X
SEYBERT, District Judge:
```

Currently pending before the Court are: (1) Appellant Peter Mergenthaler's ("Appellant") motion to re-open the instant bankruptcy appeal (Docket Entry 14), which was dismissed on February 12, 2016 and (2) Appellee Dean Osekavage's ("Osekavage") cross-motion for an injunction (Docket Entry 16). For the following reasons, Appellant's motion is GRANTED IN PART and DENIED IN PART, and Osekavage's cross motion is DENIED WITHOUT PREJUDICE.

BACKGROUND

The Court assumes familiarity with the facts of this appeal, which are detailed in this Court's Orders dated April 29, 2015 and January 15, 2016 (the "April 2015 Order," Docket Entry 9; the "January 2016 Order," Docket Entry 12). This appeal is the latest in a series of efforts by Appellant and his wife Rosemary to attempt to prevent the sale of their residence.

Briefly, Appellant's former wife, Judith Wetzstein, secured a divorce judgment against Appellant which was never satisfied. (April 2015 Order at 2.) Subsequently, she assigned the debt to Dean Osekavage d/b/a Pathfinders USA ("Osekavage"). (April 2015 Order at 3.) After litigating the matter against Appellant in state court, Osekavage obtained a lien on the home that Appellant shares with his second wife, Rosemary, and a court-appointed receiver began the eviction process.[1] (April 2015 Order at 3-4.) Before the eviction process was completed, and while a contract for the sale of the property was pending, Appellant filed for bankruptcy. (April 2015 Order at 4.)

Osekavage subsequently commenced an adversary proceeding against Appellant to prevent him from discharging the lien during the bankruptcy proceedings. (April 2015 Order at 4-5.) In the adversary proceeding, the bankruptcy court judge found that the debt was not dischargeable because it was a domestic support obligation and granted summary judgment for Osekavage. (April 2015 Order at 5-6.) Additionally, the bankruptcy court judge lifted the automatic stay with regard to the property. (April 2015 Order at 6.) On April 10, 2015, Appellant filed four appeals

---

[1] Although the residence is owned by Appellant's wife, the state court judge found that a lien on the property was appropriate pursuant to New York Debtor and Creditor Law Section 273 because Appellant acquired and maintained the property using funds he should have paid to his former wife. (April 2015 Order at 4.)

challenging those Orders, as well as Orders denying reconsideration of those decisions. (Notice of Appeal, Docket Entry 1.) On April 17, 2015, Appellant filed a proposed order to show cause to stay the bankruptcy court's orders pending resolution of his appeals. (Unsigned Order to Show Cause, Docket Entry 5.) On April 29, 2015, this Court consolidated the pending appeals under the above-referenced docket number and denied Appellant's request for a stay of the bankruptcy court's orders. (April 2015 Order at 14.) On May 4, 2015, Appellant filed a motion for reconsideration. (Recons. Mot., Docket Entry 10.) The Court denied Appellant's motion for reconsideration on January 15, 2016. (January 2016 Order at 6.)

On February 12, 2016, this Court <u>sua sponte</u> dismissed this appeal due to Appellant's failure to file a brief in accordance with Federal Rule of Bankruptcy Procedure 8018. (Electronic Order, February 12, 2016.)

DISCUSSION

I. <u>Appellant's Motion to Reopen</u>

On March 14, 2016, Appellant filed a motion to reopen his appeal. (Mot. to Reopen, Docket Entry 14.) Appellant does not dispute that he failed to file a brief or request an extension of time to do so. (Mot. to Reopen at 5-6.) Liberally construed, Appellant argues that: (1) he was not provided with a briefing schedule by the Court; (2) reopening the appeal will not prejudice

3

Osekavage; and (3) his underlying appeal is meritorious. (Mot. to Reopen at 5-7.) In opposition, Osekavage argues that Appellant should not be granted additional time to file his brief because he has not demonstrated excusable neglect. (Levine Decl., Docket Entry 16-1, ¶ 3.)

Federal Rule of Bankruptcy 8018(a) states in relevant part: "unless the district court . . . in a particular case excuses the filing of briefs or specifies different time limits [t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." FED. R. BANKR. P. 8018(a). Subsection (a)(4) states: "If an appellant fails to file a brief on time or within an extended time authorized by the district court . . . an appellee may move to dismiss the appeal--or the district court . . . after notice, may dismiss the appeal on its own motion." FED. R. BANKR. P. 8018(a)(4).

"The bankruptcy appeal brief filing deadlines are strictly enforced" and "a bankruptcy appellant's failure to timely file a brief can, in certain circumstances, be grounds for dismissal of the appeal." In re Segal, 557 B.R. 46, 49 (E.D.N.Y. 2016). However, even if the appeal suffers from procedural defects, dismissal is not mandatory; the district court has discretion to consider dismissal if appropriate. See FED. R. BANKR. P. 8003(a)(2) ("An appellant's failure to take any step other than

4

the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."). Generally, the appellant must receive notice that his failure to comply will lead to dismissal. See Segal, 557 B.R. at 49 (declining to dismiss bankruptcy appeal due to lack of notice); see also In re Hawkins, 295 F. App'x 452, 453 (2d Cir. 2008) (quoting In re Harris, 464 F.3d 263, 272 (2d. Cir. 2006)) ("[D]istrict courts 'will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct.'").

Because the Court did not set an alternative briefing schedule, Appellant's deadline to file his brief was thirty (30) days from the docketing of a notice indicating that the record on appeal was transmitted to the district court or available electronically. No notice was ever docketed.[2] Therefore, Appellant's time to file his appeal brief did not begin to run. Additionally, Appellant was not given notice that his non-compliance would result in dismissal. As such, Appellant should

---

[2] It appears that the parties filed their designations of the record, but the record was never received by the district court. Because the record was never received, the notice was never docketed.

be given an opportunity to file a brief.[3]  Although the Court strongly suspects that the appeal will be unsuccessful, the Court must follow the applicable procedural rules.

Accordingly, Appellant's motion to reopen is GRANTED in part and DENIED IN PART.  Appellant must file a brief within thirty (30) days of the date of this Memorandum and Order.  <u>Should Appellant fail to file a timely brief, the appeal will be dismissed with prejudice.  Appellant is advised that no extensions of this deadline will be granted absent extraordinary circumstances.</u>  The Court declines to grant the additional relief requested by Appellant.[4]

II. Osekavage's Cross-Motion

On April 5, 2016, Osekavage filed a cross-motion requesting that the Court enter an injunction "enjoining [Appellant] from making any further motions or filings related to

---

[3] Osekavage correctly identifies the standard for accepting late filings under Federal Rule of Bankruptcy Procedure 9006(b)(1), that is, the Court may permit a late filing "where the failure to act was the result of excusable neglect."  See In re Lynch, 430 F.3d 600, 603 (2d Cir. 2005) (quoting FED. R. BANKR. P. 9006(b)(1)).  However, because Appellant's time to file his brief did not begin to run, he need not demonstrate that his failure to file a brief was the result of excusable neglect.

[4] Appellant also seeks: (1) an order directing that "all actions in any courts or outside of courts by any concerned parties, including but not limited to plaintiff Dean Osekavage . . . are stayed regarding the prosecution or enforcement of the New York Supreme Court, Suffolk County" and (2) an order directing "that the [a]utomatic [s]tay in this proceeding be restored and remains in full force in effect."  (Mot. to Reopen at 2.)

3 Wood Edge Court, Water Mill, NY . . . and enjoining him from interfering with the duties of the State Court Receiver . . . in anyway." (Levine Decl. ¶ 2.) Osekavage argues that an injunction is warranted based on Appellant and his wife's long history of frivolous litigation and attempts to obstruct the sale of their home. (Levine Decl. ¶¶ 5-6.) Appellant opposed the cross-motion but failed to put forward any arguments addressing why the Court should deny the motion. (See generally Reply, Docket Entry 19.)

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. School Dist., 506 F. App'x 65, 69 (2d Cir. 2012) (quoting Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996), overruled on other grounds by Sullivan v. Am. Airlines, 424 F.3d 267 (2d Cir. 2005)). When a litigant has "a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct," a court may bar that litigant from filing additional motions or appeals. Malcolm, 506 F. App'x at 69. Moreover, the court may enter an injunction only after the litigant is "provided notice and an opportunity to be heard." Id. To determine whether an injunction is appropriate, the Second Circuit has instructed district courts to consider: "'(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's

motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.'" Duran v. Kiley, 586 F. App'x 598, 600 (2d Cir. 2013) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

In light of the Court's decision on Appellant's motion to reopen the instant appeal, the Court declines to enter a filing injunction at this time. However, the Court shares Osekavage's concerns regarding Appellant's conduct. <u>Appellant is cautioned that if the instant appeal is unsuccessful and Appellant continues to file appeals and motions requesting the same relief, the Court will impose sanctions, including but not limited to, an injunction barring him from seeking any relief without prior permission from this Court</u>.

Accordingly, Osekavage's cross-motion is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, Appellant's motion to reopen (Docket Entry 14) is GRANTED IN PART AND DENIED IN PART. The Clerk of the Court is directed to reopen the instant appeal and obtain

the record from the bankruptcy court.  Appellant must file a brief within thirty (30) days of the date of this Memorandum and Order.  <u>Should Appellant fail to file a timely brief, the appeal will be dismissed with prejudice.  Appellant is advised that no extensions of this deadline will be granted absent extraordinary circumstances.</u>  Osekavage's cross-motion for an injunction (Docket Entry 16) is DENIED WITHOUT PREJUDICE.

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Appellant.  Should Appellant seek <u>in forma pauperis</u> status on appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for purposes of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:     March   13  , 2017  
              Central Islip, New York